UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x
    UNITED STATES OF AMERICA    :
          - v. -    :  **SUPERSEDING INFORMATION**
    PETER DIQUARTO,    :
                    Defendant.  :  S1 17 Cr. 243 (SHS)
- - - - - - - - - - - - - - - - x

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:_____
```

COUNT ONE
(Wire Fraud)

The United States Attorney charges:

1. From at least in or about July 2011 up to and including at least in or about March 2017, in the Southern District of New York and elsewhere, PETER DIQUARTO, the defendant, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, to wit, DIQUARTO sent emails and made interstate phone calls falsely representing that he would submit grant applications in exchange for a fee to be paid by the grant applicant.

(Title 18, United States Code, Sections 1343 and 2.)

1



COUNT TWO
(Wire Fraud Conspiracy)

The United States Attorney further charges:

2.    From at least in or about July 2011 up to and including at least in or about March 2017, in the Southern District of New York and elsewhere, PETER DIQUARTO, the defendant, and others known and unknown, willfully and knowingly, did combine, conspire, confederate, and agree together and with each other to commit wire fraud, in violation of Title 18, United States Code, Section 1343.

3.    It was a part and object of the conspiracy that PETER DIQUARTO, the defendant, and others known and unknown, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, would and did transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343.

(Title 18, United States Code, Section 1349.)

COUNT THREE
(Money Laundering)

The United States Attorney further charges:

4.    From at least in or about July 2011 up to and including at least in or about March 2017, in the Southern District of New

2

York and elsewhere, PETER DIQUARTO, the defendant, and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to violate Title 18, United States Code, Sections 1956(a)(1)(A)(i) and 1957(a).

    5.    It was a part and an object of the conspiracy that PETER DIQUARTO, the defendant, and others known and unknown, in an offense involving and affecting interstate and foreign commerce, knowing that the property involved in certain financial transactions, to wit, cash transactions and wire transfers, represented the proceeds of some form of unlawful activity, would and did conduct and attempt to conduct such financial transactions which in fact involved the proceeds of specified unlawful activity, to wit, wire fraud, knowing that the transactions were designed in whole and in part to promote the carrying on of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i).

    6.    It was a further part and an object of the conspiracy that PETER DIQUARTO, the defendant, and others known and unknown, within the United States, in an offense involving and affecting interstate and foreign commerce, knowingly would and did engage and attempt to engage in monetary transactions in criminally derived property of a value greater than $10,000 that was derived

from specified unlawful activity, to wit, wire fraud, in violation of Title 18, United States Code, Section 1957(a).

(Title 18, United States Code, Section 1956(h).)

## COUNT FOUR
(Narcotics Distribution Conspiracy)

The United States Attorney further charges:

7. From at least in or about September 2014, up to and including at least in or about March 2017, in the Southern District of New York and elsewhere, PETER DIQUARTO, the defendant, and others known and unknown, intentionally and knowingly did combine, conspire, confederate and agree, together and with each other, to violate the narcotics laws of the United States.

8. It was a part and an object of the conspiracy that PETER DIQUARTO, the defendant, and others known and unknown, would and did distribute and possess with the intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1).

9. The controlled substance that PETER DIQUARTO, the defendant, and others known and unknown, conspired to distribute and possess with the intent to distribute was 500 grams and more cocaine, in violation of 21 U.S.C. § 841(b)(1)(B).

(Title 21, United States Code, Section 846.)

## COUNT FIVE
(Narcotics Distribution Conspiracy)

The United States Attorney further charges:

10.  From at least in or about November 2016, up to and including at least in or about March 2017, in the Southern District of New York and elsewhere, PETER DIQUARTO, the defendant, and others known and unknown, intentionally and knowingly did combine, conspire, confederate and agree, together and with each other, to violate the narcotics laws of the United States.

11.  It was a part and an object of the conspiracy that PETER DIQUARTO, the defendant, and others known and unknown, would and did distribute and possess with the intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1).

12.  The controlled substance that PETER DIQUARTO, the defendant, and others known and unknown, conspired to distribute and possess with the intent to distribute was marijuana, in violation of 21 U.S.C. § 841(b)(1)(D).

(Title 21, United States Code, Section 846.)

## FORFEITURE ALLEGATIONS

13.  As the result of committing the offenses alleged in Counts One and Two of this Information, PETER DIQUARTO, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all property, real and

5

personal, that constitutes or is derived from proceeds traceable to the commission of said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses.

  14. As a result of committing the offense alleged in Count Three of this Information, PETER DIQUARTO, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all property, real and personal, involved in said offense, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in said offense.

  15. As a result of committing the offenses alleged in Counts Four and Five of this Information, PETER DIQUARTO, the defendant, shall forfeit to the United States pursuant to Title 21, United States Code, Section 853, any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of said offenses and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses.

## SUBSTITUTE ASSET PROVISION

16. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third person;

    (c) has been placed beyond the jurisdiction of the Court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28 United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 981 and 492;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

*[signature: Joon H. Kim]*

JOON H. KIM
Acting United States Attorney

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**UNITED STATES OF AMERICA**

- v. -

**PETER DIQUARTO,**

Defendant.

**SUPERSEDING INFORMATION**

S1 17 Cr. 243 (SHS)

(18 U.S.C. §§ 1343, 1349, 1956(h) and 2, 21 U.S.C. § 846)

JOON H. KIM
Acting United States Attorney.