UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

- v. -

PETER DIQUARTO,

    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CONSENT PRELIMINARY ORDER
OF FORFEITURE/
MONEY JUDGMENT

S1 17 Cr. 243 (SHS)

    WHEREAS, on or about October 18, 2017, a five-count Superseding Information, S1 17 Cr. 243 (SHS) (the "Information") was unsealed, charging PETER DI QUARTO (the "Defendant") with wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2 (Count One); wire fraud conspiracy, in violation of Title 18, United States Code, Section 1349 (Count Two); money laundering, in violation of Title 18, United States Code, Section 1956(h) (Count Three); and narcotics distribution conspiracy, in violation of Title 21, United States Code, Section 846 (Counts Four and Five);

    WHEREAS, the Information included a forfeiture allegation as to Counts One and Two of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses charged in Counts One and Two of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses charged in Counts One and Two of the Information;

    WHEREAS, the Information included a second forfeiture allegation as to Count Three of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), of any and all property, real and personal, involved in the offense charged

in Count Three of the Information, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in the offense charged in Count Three of the Information;

WHEREAS, the Information included a third forfeiture allegation as to Counts Four and Five of the Information, seeking forfeiture to the United States, pursuant to Title 21, United States Code, Section 853, of any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offenses charged in Counts Four and Five of the Information and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offenses charged in Counts Four and Five of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses charged in Counts Four and Five of the Information;

WHEREAS, on or about July 31, 2017, the Defendant pled guilty to Counts One through Five of the Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegations with respect to Counts One through Five of the Information, and agreed to forfeit to the United States: (i) pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, any and all property, real and personal, that constitutes, or is derived from, proceeds traceable to the commission of the offenses charged in Counts One and Two of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses charged in Counts One and Two of the Information; (ii) pursuant to Title 18, United States Code, Section 982(a)(1) any and all property, real and personal, involved in the offense charged in Count Three of the Information, and any property traceable to such property, including

but not limited to a sum of money in United States currency representing the amount of property involved in the offense charged in Count Three of the Information; and (iii) pursuant to Title 21, United States Code, Section 853, any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offenses charged in Counts Four and Five of the Information, and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offenses charged in Counts Four and Five of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses charged in Counts Four and Five of the Information;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $1,253,325.65 in United States currency representing the amount of proceeds traceable to the offenses charged in Counts One, Two, Four, and Five of the Information that the Defendant personally obtained, and property involved in the offense charged in Count Three of the Information; and

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offenses charged in Counts One, Two, Four, and Five of the Information that the Defendant personally obtained, and the property involved in the offense charged in Count Three of the Information, cannot be located upon the exercise of due diligence.

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States Attorneys Kiersten A. Fletcher, Robert B. Sobelman, and Sheb Swett, of counsel, and the Defendant and his counsel, Gerald J. DiChiara, Esq., that:

1.     As a result of the offenses charged in Counts One through Five of the Information, to which the Defendant pled guilty, a money judgment in the amount of $1,256,325.65 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offenses charged in Counts One, Two, Four, and Five of the Information that the Defendant personally obtained, and the property involved in the offense charged in Count Three of the Information, shall be entered against the Defendant, for which the Defendant is jointly and severally liable with the Co-Defendants, to the extent forfeiture money judgments are entered against the Co-Defendants in this case, shall be entered against the Defendant.

2.     Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant PETER DI QUARTO, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3.     All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to United States Customs and Border Protection, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

4.     The United States Customs and Border Protection is authorized to deposit the payments on the Money Judgment into the Treasury Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

6. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

7. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK]

8. The signature page of this Consent Preliminary Order of Forfeiture/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _____   11/16/22
KIERSTEN A. FLETCHER              DATE
ROBERT B. SOBELMAN
SHEB SWETT
Assistant United States Attorneys
One St. Andrew's Plaza
New York, NY 10007
(212) 637-2238 / 2616 / 6522

PETER DIQUARTO

By: _____   11/16/2022
PETER DIQUARTO                    DATE

By: _____   11/16/2022
GERALD J. DICHIARA, ESQ.          DATE
Attorney for Defendant
3 Park Avenue, 31st Floor
New York, NY 10016

SO ORDERED:

_____   11/16/2022
HONORABLE SIDNEY H. STEIN         DATE
UNITED STATES DISTRICT JUDGE